Thomson, J.
Replevin for a horse. Judgment for defendant, and appeal by plaintiff. The following are the undisputed facts: On April 8, 1898, G. Guy Farley, the then owner of the horse, made his promissory note to P. C. Hansen, the defendant, for $70.00, due in thirty days, and to secure its payment when due, executed to Hansen a chattel mortgage of the horse. On the 27th day of May, 1898, Farley sold the horse to one George N. Fairman, and on July 27, 1898, Fairmansold the horse to the plaintiff. The defendant was engaged in the livery business in Central City. . On the 26th day of August, 1898, the plaintiff, who lived in Eldora, having driven to Idaho Springs, on his return, put his team, one of which was the horse in question, into the defendant’s barn; and the *484 defendant finding the horse there, took possession of it, claiming title to it by virtue of the chattel mortgage. The mortgage provided for the retention by the mortgagor of the possession of the horse until default in the payment of his note.
The note matured May 8, 1898. It was not paid. Nineteen days afterwards, the mortgagor sold the horse to Fair-man ; Fairman kept him two months and sold him to the plaintiff; and he was in the plaintiff’s possession a month before the defendant took him. No valid reason appears why the defendant did not take possession of the horse when the note matured. The legal title then vested in him, and as against creditors and subsequent purchasers, it was his duty to take the property into his possession without unnecessary delay. The retention of the property by the mortgagor, for nineteen days longer, is totally unexplained. If the defendant had acted with the diligence which the law exacts, there would have been no sale of the horse by Farley. But he waited until the horse was twice sold, and when he finally took the property, more than three and one half months had elapsed since his right to its possession accrued. By his own gross negligence, he lost all right to the horse as against the plaintiff. Atchison v. Graham, 14 Colo. 217; Brereton v. Bennett, 15 Colo. 254; Mills’ Ann. Stat. sec. 2027. The horse is the property of the plaintiff.
The judgment is reversed, with instruction to the court below to cause the value of the property to be found, and the damages for its detention assessed, and to enter the judgment provided by the statute in such cases, in favor of the plaintiff.

Reversed.